IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WETRO LAN LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HIRO INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:15-cv-99<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wetro Lan LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant Hiro Inc. ("Defendant" or "Hiro") as follows:

### NATURE OF THE ACTION

1.  This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,795,918 ("the '918 patent") entitled "Service Level Computer Security". A true and correct copy of the '918 Patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '918 patent. Plaintiff seeks monetary damages.

### PARTIES

2.  Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 3400 Silverstone Drive STE 191-D, Plano Texas 75023.

3.  Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 13617 12th St. Unit C, Chino, California 91710. Defendant can be served with process through its registered agent Richard Chi at 13617 12th St. Unit C, Chino, California 91710.

## JURISDICTION AND VENUE

4.  This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6.  More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

## COUNT I – PATENT INFRINGEMENT

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '918 patent was duly and legally issued by the United States Patent and Trademark Office on September 21, 2004 after full and fair examination. Plaintiff is the owner by assignment of the '918 patent and possesses all rights of recovery under the '918 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides apparatuses that infringe the '918 patent. The '918 patent provides, among other things, "A computer security apparatus comprising: (1) a first communication interface coupled to a public network, the first communication interface configured to receive data from the public network, the public network data including a plurality of data packets; (2) a packet analyzer coupled to the first communication interface, the packet analyzer configured to receive and analyze the data packets from the public network, the packet analyzer including: (3) a protocol storage device coupled to the first communication interface, the protocol storage device configured to store communication protocol information associated with the first data packet from the plurality of the received data packets; (4) a source port storage device coupled to the protocol storage device, the source port storage device configured to store source port information associated with the first data packet; (5) a destination port storage device coupled to the source port storage device, the destination port storage device configured to store destination port information associated with the first data packet; and (6) a lookup table device coupled to the protocol storage, the source port storage, and the

destination port storage devices, the lookup table configured to determine based on the data within the first data packet whether the first data packet should be authorized to be transferred through the computer security apparatus; and (7) a second communication device interface coupled to a private network and the packet analyzer, the second communication interface configured to receive the authorized data from the packet analyzer for sending to the private network; (8) wherein the packet analyzer only permits data packets for a selected group of Internet services to be transferred to the private network and the lookup table device is non-configurable by a computer user; and (9) the communication protocol information includes information about transport types."

11. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products that infringed one or more claims of the '918 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and sells their product entitled Hiro H50188 DSL ADSL Router and similarly situated Hiro wireless routers ("Accused Instrumentality") which directly infringe the '918 patent.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '918 Patent complied with all marking requirements under 35 U.S.C. § 287.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '918 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. Any further relief that this Court deems just and proper.

Dated: January 30, 2015

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:    (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF**
**WETRO LAN LLC**